**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4212**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

LAWRENCE SOLIN, a/k/a Martin Scott, a/k/a
Martin Steele, a/k/a John Jordan, a/k/a Carl
Sinclair, a/k/a James Baldwin, a/k/a Wade
Carter,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:05-cr-00263-WLO)

———————

Submitted:  September 26, 2006          Decided:  September 29, 2006

———————

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, William C. Ingram,
Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner,
United States Attorney, L. Patrick Auld, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lawrence Solin appeals from his thirty-six month sentence, imposed pursuant to his guilty plea to mail fraud. On appeal, he contends that his sentence was unreasonable because the district court did not properly consider certain factors, including his age, his health, his lack of a criminal background, and the needs of his son. After consideration of the briefs and record on appeal, we affirm.

This court will affirm a sentence if it is both reasonable and within the statutorily prescribed range. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also United States v. Green, 436 F.3d 449, 457 (4th Cir.) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006). Reasonableness review involves both procedural and substantive components. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). When conducting reasonableness scrutiny, we note two considerations. First, although a sentence may be procedurally unreasonable if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding, a district court need not "robotically tick" through every relevant factor. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Second, although a sentence may be substantively unreasonable if the court relies on

an improper factor or rejects policies articulated by Congress or the Sentencing Commission, see Moreland, 437 F.3d at 434, "excessive weight" may not be given to any one factor. See United States v. Hampton, 441 F.3d 284, 288-89 (4th Cir. 2006).

Applying the above principles, we cannot find that Solin's sentence was unreasonable. The district court considered lengthy argument on the relevant factors, made certain factual findings in Solin's favor, and sentenced Solin in the mid-range of his calculated guideline range. The court noted the seriousness and extensive nature of Solin's crime but also recommended that Solin be placed in an institution close to his son and delayed his reporting for several months so that Solin could make arrangements for his son. Finding that the court properly considered the relevant factors and imposed a reasonable sentence, we affirm. We grant Solin's motion to file a pro se supplemental brief but conclude that it does not provide a basis to change our disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED